IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWIN ALVARADO, §
§ No. 194, 2022
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1011003050 (S)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: December 7, 2022
Decided: January 17, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Edwin Alvarado, filed this appeal from his sentencing for a violation of probation ("VOP"). The State has moved to affirm the judgment below on the ground that it is manifest on the face of Alvarado's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2011, Alvarado pleaded guilty to third-degree rape. The Superior Court sentenced Alvarado to twenty-five years of incarceration, suspended after eight years for seventeen years of Level III probation. In May 2019, Alvarado was found in violation of probation and sentenced to sixteen years and eleven months of

imprisonment, suspended for sixty days at the Level IV VOP Center, followed by sixteen years and eight months of Level III probation.

(3)　In October 2019, a probation officer filed an administrative warrant and VOP report alleging that Alvarado was in violation of his probation because Delaware State Police had charged him with first-degree rape arising out of an incident that allegedly occurred on September 30, 2019. VOP proceedings were deferred pending the resolution of the criminal charge, and in March 2020 Alvarado was released on secured bond pending trial on the new charge. In November 2021, Alvarado's trial on the criminal charge ended in a mistrial when the jury was unable to reach a unanimous verdict.

(4)　On February 22, 2022, a probation officer filed another administrative warrant alleging that Alvarado was in violation of probation. Specifically, the administrative warrant stated that on January 26, 2022, Alvarado had signed the "Sex Offender Conditions of Supervision prohibiting the use of any electronic data, device and media that might further sexual activity" and "had been explicitly explained on January 26, 2022 and previously that he was prohibited from accessing social media for the purposes of sex nor was he permitted to access social media." The administrative warrant alleged that the probation officer had responded to Alvarado's residence on February 21, 2022, after learning of a verbal altercation between Alvarado and his new girlfriend. It further alleged that, during that visit,

2

the officer reviewed the contents of Alvarado's cell phone, with Alvarado's consent, and observed that Alvarado had a "Plenty of Fish" dating profile and had been using various applications to contact women for sex, including "messaging numerous women from all around the country under seemingly false pretenses for the purposes of sex" and requesting "nudes."

(5)     Before a VOP hearing scheduled for March 14, 2022, the State and Alvarado, who was represented by counsel, reached an agreement under which Alvarado would admit the cell-phone-related VOP and, in exchange, the State would dismiss the pending rape case.  During the VOP hearing, Alvarado's counsel stated that Alvarado understood that the court could sentence him for the VOP to between sixteen and seventeen years, the amount of time remaining on the underlying sentence.  The parties and the court also discussed the State's position that the court could consider, for VOP sentencing purposes, the evidence presented during the criminal trial that ended with a hung jury.  After hearing from counsel for Alvarado and the State, the court engaged in a detailed colloquy with Alvarado that reflects that Alvarado understood, among other things, that he was admitting the violation based on improper use of the cell phone, that he knew the sentence imposed could be "on the order of sixteen years," and that for sentencing purposes the court would be able to consider the evidence presented against him at the November rape trial. The court then found that Alvarado was knowingly, voluntarily, and intelligently

3

admitting the VOP and ordered a presentence investigation. On May 13, 2022, after reviewing the report of the presentence investigation and a mitigation report submitted by defense counsel and hearing from defense counsel, counsel for the State, the probation officer, and Alvarado, the Superior Court sentenced Alvarado to sixteen years and eleven months of imprisonment, with credit for 312 days previously served, suspended after ten years for decreasing levels of supervision.

(6)    On appeal from his VOP sentence, Alvarado argues that the Superior Court should have ordered a competency test; Alvarado was not competent to understand the restrictions on his electronics use; and the probation officer had illegally searched and seized Alvarado's cell phone in violation of the Fourth Amendment. His arguments are without merit.

(7)    Alvarado has not offered any evidence in support of his competency claims, and he did not raise these claims to the Superior Court at the hearing at which he admitted the VOP or at the sentencing.[1] In support of his arguments for a lenient sentence, Alvarado's counsel presented the court with information regarding Alvarado's history of epilepsy and that, although he graduated from high school, Alvarado had a learning disability and received special-education services. But when the court inquired whether defense counsel was suggesting "that the epilepsy

---

[1] *See Milton v. State*, 2007 WL 1885124, at *1 (Del. July 2, 2007) ("Milton has offered no evidence in support of his mental competency claim, nor has he provided any evidence that he raised this claim to the Superior Court in the first instance at the VOP hearing.").

somehow affected [Alvarado's] conduct and his ability to make decisions," defense counsel explicitly said that he was not. Moreover, the transcripts of the adjudicatory and sentencing hearings reflect that Alvarado understood and actively participated in the proceedings and that both his counsel and his probation officer had engaged in normal—and as to the probation officer, even positive—interactions with Alvarado. In sum, the record does not reveal any indication that Alvarado was incompetent to admit to the VOP or to understand the conditions of his probation; to the contrary, it reflects that he meaningfully and actively participated in the proceedings.[2] Finally, Alvarado's "counseled admission to the probation violation" "constitute[d] a waiver of . . . his illegal search and seizure claim under the Fourth Amendment."[3]

---

[2] *See Salaberrios v. State*, 2017 WL 443721, at *4 (Del. Jan. 20, 2017) (discussing the standard for competence to stand trial and stating that the "Superior Court must inquire into a defendant's competence when there is a reason to doubt the defendant's competence to stand trial"); *Ellingsworth v. State*, 2002 WL 31477130, at *1 (Del. Nov. 4, 2002) (discussing the standard for competence to plead guilty and stating that there was nothing in the record to indicate that the defendant was incompetent and that "[t]o the contrary, the transcript of the guilty plea hearing indicates that Ellingsworth communicated in a meaningful way with his trial counsel and understood the guilty plea proceedings in which he actively participated").

[3] *Thompson v. State*, 2016 WL 4427177, at *2 (Del. Aug. 19, 2016).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice